**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAMS PATENT CRUSHER AND PULVERIZER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TAGGART GLOBAL, LLC,<br><br>Serve: National Corporate Research, Ltd.<br>222 E. Dunklin, Suite 102<br>Jefferson City, MO 65101<br><br>Defendant. | ) | Case No: 4:13-CV-845 |

**COMPLAINT**

COMES NOW Plaintiff Williams Patent Crusher and Pulverizer Company d/b/a Williams Patent Crusher and Pulverizer Co., Inc. ("Williams") who asserts the following allegations against Defendant Taggart Global, LLC ("Taggart"):

**PARTIES, JURISDICTION AND VENUE**

1. Williams is a corporation organized and existing under the law of the State of Missouri with its principal place of business in the City of St. Louis, Missouri. Williams is a citizen of Missouri for purposes of diversity of citizenship.

2. Taggart is an LLC that is organized under the law of the State of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania. An LLC is a citizen of each state in which its members are citizens. Upon information and belief, no member is a citizen of the state of Missouri. As a result, Taggart is not a citizen of Missouri for purposes of diversity of citizenship.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy, as set forth below, is greater than $75,000.00.

4. Taggart is subject to personal jurisdiction of this Court because:

(a) Taggart conducted business in Missouri, including entering into a contract, which is the subject of this action, in St. Louis, Missouri;

(b) Taggart conducted business in St. Louis, Missouri, by directing Williams to manufacture for Taggart certain goods, which are the subject of this action;

(c) as part of negotiating, entering, and performing the contract that is the subject of this action, Taggart directed electronic communications and actions to Williams in St. Louis, Missouri;

(d) Taggart is registered to do business in the state of Missouri and has a registered agent in the state of Missouri; and

(e) Taggart has a continuous presence in Missouri and otherwise conducts business in the state of Missouri.

5. Venue is proper in this district under § 1391 because:

(a) a substantial part of the events or omissions giving rise to this claim occurred in St. Louis, Missouri in that, for example, the contract was entered into in St. Louis, Missouri; negotiations of the contract occurred in St. Louis, Missouri; performance and non-performance under the contract occurred in St. Louis, Missouri; and the property that is the subject of the contract is located in St. Louis, Missouri; and

(b) Taggart resides, as is defined by § 1391, in this district in that Taggart is subject to personal jurisdiction in this district as a result of its activities in this district, as are further described herein.

## FACTUAL ALLEGATIONS

6. Williams and Taggart entered into a contract in which, among other things, Williams agreed to manufacture and deliver a Williams roller mill and related equipment to be installed in the Limestone and Dolomite Milling and Drying System in the Essar Steel Minnesota plant (the "Roller Mill"). Taggart agreed to pay Williams according to an agreed schedule that

would provide Williams payments at various times during the manufacturing process. The scheduled payments were critical and material to the contract because, among other reasons, the cost and expense associated with the project, as well as the accelerated manufacturing schedule demanded by Taggart.

7. Williams agreed to an expedited production and delivery schedule demanded by Taggart. The agreement contained a provision stating time was of the essence and that Williams would be subject to charges of $30,000.00 per day if Williams failed to meet Taggart's deadline.

8. The Roller Mill that Taggart caused Williams to manufacture is a unique good, specially manufactured for Taggart.

9. Taggart provided Williams a purchase order, dated May 1, 2012, for the Roller Mill. The Purchase Order is attached hereto and incorporated by reference as Exhibit A.

10. Taggart's purchase orders were revised numerous times.

11. Taggart provided Williams a revised purchase order, dated November 12, 2012, which is attached hereto and incorporated by reference as Exhibit B.

12. Williams began the manufacturing process, committing the necessary resources to meet Taggart's expedited production and delivery schedule.

13. Relying on the scheduled payments to be made by Taggart, Williams purchased the equipment and materials necessary to meet Taggart's deadline, invested capital in the project, and otherwise began the manufacturing process.

14. Taggart made some scheduled payments under the contract.

15. However, Taggart failed to make sizable payments due under the contract. For example, Taggart refused to pay at least three invoices amounting to over $2,094,658.25.

16. Taggart admitted to Williams that the $2,094,658.25 is due and owing under the contract.

17. Taggart has no grounds to withhold payment.

18. Despite Williams' many demands for payment, Taggart continues to refuse to pay Williams.

**COUNT I - BREACH OF CONTRACT**

Williams incorporates by reference the allegations set forth in the above paragraphs as if fully set forth herein.

19. Williams and Taggart entered into an agreement where, among other things, Taggart agreed to pay Williams and Williams agreed to manufacture and deliver the Roller Mill and perform other tasks.

20. Williams has fully performed its obligations under the contract.

21. Despite demand for payment, Taggart failed to make payments owed under the contract, including outstanding payments in the amount of $2,094,658.25.

22. By, among other things, failing to make payments due under the contract, Taggart breached the contract.

23. As a result of Taggart's breach, Williams has been damaged. These damages include, but are not limited to, payments that should have been made to Williams under the contract, storage, financing, handling, and escalation costs, costs associated with the delay of the project, equipment costs, lost profits, as well as other damages.

WHEREFORE, Plaintiff Williams Patent Crusher and Pulverizer Co., prays the Court enter judgment in favor of Plaintiff and against Defendant Taggart Global, LLC in an amount exceeding $5,000,000.00, plus interest, pre-judgment and post-judgment, at the highest legal rate

from the date of filing this action to the date of entry of judgment, for its costs and attorneys' fees, and for such further relief as this Court deems just and proper.

Dated: May 2, 2013

**LEWIS, RICE & FINGERSH**

By: /s/ John M. Hessel

John M. Hessel, #26408MO
R. Taylor Matthews III, #60936MO
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7600 Telephone
(314)241-6056 Facsimile
jhessel@lewisrice.com
tmatthews@lewisrice.com

Attorneys for Plaintiff Williams Patent Crusher and Pulverizer Company